ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
AJAY KRISHNAMURTHY (CABN 305533)
ALETHEA M. SARGENT (CABN 288222)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    eric.cheng@usdoj.gov
    ajay.krishnamurthy@usdoj.gov
    alethea.sargent@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ERIC ALLEN ROMBOUGH, <br><br> Defendant. | CASE NO. 23-cr-269 JSW-2 <br><br> **OPPOSITION TO DEFENDANT ROMBOUGH'S REQUEST TO OBTAIN CRIMINAL DISCOVERY (DKT. NO. 81)** |

The United States opposes the request made by civil counsel for Defendant Eric Allen Rombough to obtain and use all materials produced pursuant to the Protective Order in this criminal case. Dkt. No. 81. As explained in more detail below, civil counsel's request is overbroad and unsupported by any factual or legal argument demonstrating an entitlement to any of this material. Moreover, the request necessarily intrudes on material subject to the protections of Federal Rule of Criminal Procedure 6(e), the Privacy Act, and the Crime Victims' Rights Act.

**FACTS**

In August 2023, a grand jury returned an indictment charging Rombough with violations of 18

U.S.C. § 241 (conspiracy against rights) and 18 U.S.C. § 242 (deprivation of rights under color of law). At the same time, the grand jury also returned indictments in three other related cases: 23-CR-264 – *United States v. Berhan et al.*; 23-CR-267 – *United States v. Manly*; and 23-CR-268 – *United States v. Harris et al.* [1]

The United States has produced a substantial amount of discovery in this case. Some of it relates to the conduct of Rombough's co-defendants in this case. Some of it relates to defendants in one of the other related cases. The discovery produced so far includes:

- Preexisting records obtained by subpoena from third parties (including victims, witnesses, the relevant police departments, hospitals, banks, telephone companies, electronic service providers, and more);
- Evidence obtained by search warrant comprising data from approximately a dozen mobile devices, including of individuals charged in other of the federal cases and individuals not charged in the federal cases;
- Summaries and recordings of interviews of civilian witnesses and victims, including personal identifying information;
- Summaries and recordings of interviews with law enforcement witnesses;
- Grand Jury testimony of civilian witnesses and law enforcement witnesses;
- Voluntary productions from third parties (including victims and the relevant police departments);
- Operations intelligence and related surveillance photographs

Additionally, certain of this discovery is labeled "Confidential – Subject to Protective Order" and is covered by the Protective Order signed by Rombough's criminal counsel in this case. The government has applied this label only to materials that, in fact, contain Protected Information. Reasons for application of this label include, but are not limited to: the discovery contains personal identifying information of a victim, witness, or potential codefendant (social security number, phone number, address, etc.); the discovery contains the criminal history of a victim, witness, or potential codefendant;

---

[1] A fifth related case, 24-CR-157 – *United States v. Berhan*, was later charged by Information.

the discovery comprises medical records related to a police encounter by any of the defendants, both of victims in charged counts and of other arrestees; the discovery is Rule 6(e) material, including references to grand jury subpoenas and full text grand jury transcripts (which the government sought an order from this Court to produce to defendants); the discovery is under seal, including multiple search warrant affidavits that were produced despite still operative sealing orders pursuant to the government's discovery obligations.

On March 15, 2024, Defendant Rombough, through his civil counsel (hereinafter, "Civil Counsel") in consolidated civil matter 3:23-cv-01895-VC[2] (hereinafter, the "Civil Action"), filed a "Request to Obtain Criminal Discovery" from the U.S. Attorney's Office, for Defendant Rombough's use in his defense in the civil matter (hereinafter, the "Request"). The Request specifically asks that the Court allow Civil Counsel to "sign [the criminal] protective order and obtain copies of the materials to use in the defense of my client in the civil matter." Declaration of Dale L. Allen Jr., ¶ 4. The Request contains no limitations – in other words, it requests all criminal discovery produced to Defendant Rombough, irrespective of its subject or provenance. It also contains no legal analysis in its support, though it asserts that the "criminal discovery cannot be obtained by any less restrictive means" and that the criminal discovery "is necessary to prepare a defense in th[e] civil matter." *Id.* at ¶ 6.

**ARGUMENT**

The government opposes the Request as currently brought for the primary reason that it is overbroad, intruding without supporting argument into protected materials, including but not limited to Federal Rule of Criminal Procedure 6(e) and various laws relating to individual privacy, including the Privacy Act and the Crime Victim Rights' Act. While Civil Counsel offers two justifications for the Request – that the criminal discovery cannot be obtained by any less restrictive means; and that it is necessary for Civil Counsel to prepare Defendant Rombough's defense in the Civil Action, *see* Decl. of Dale L. Allen Jr., ¶ 6 – Civil Counsel neither offers factual support for these assertions nor explains why these two unsupported assertions should entitle it to discovery despite such impediments as Federal

---

[2] None of the plaintiffs in the Civil Case are victims in this case or any of the related cases. However, some of the plaintiffs were interviewed in connection with the investigation that led to this indictment, and the United States has produced some material related to these individuals.

Criminal Procedure Rule 6(e), and the large amounts of sensitive victim and witness information in the discovery.³

In the first place, the Request, which contemplates access to all discovery, necessarily requests grand jury material, including transcripts by witnesses who testified before the Grand Jury. Federal Rule of Criminal Procedure 6(e) "generally prohibits disclosure of matters occurring before the grand jury." *In re Barker*, 741 F.2d 250, 252 (9th Cir. 1984). And although Rule 6(e)(3)(E)(i) provides that a court "may authorize disclosure . . . of a grand jury matter . . . preliminarily to or in connection with a judicial proceeding," "the party seeking access must make a strong showing that: (1) disclosure is sought 'preliminarily to or in connection with a judicial proceeding,' and (2) there is a particularized need for the materials." *Id.* Civil Counsel has not made any showing—let alone a strong one—that the materials that Rombough seeks can be used in the separate civil case, nor that disclosure is supported by a particularized need.

The Request also intrudes upon the privacy of victims as well as of numerous other individuals, including law enforcement and civilian witnesses and the other defendants in the related cases. Indeed, Civil Counsel's Request – that it be allowed access specifically to protected material – almost definitionally implicates these privacy concerns given that many, if not most, of the materials marked under the Protective Order include personal information of third parties. For example, the discovery includes hospital records and criminal histories for many individuals not among the plaintiffs in the Civil Action. The government is required by statute to take privacy concerns related to information in its possession seriously. For example, the Crime Victims' Rights Act provides that victims of crimes have the "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). And the Privacy Act of 1974 provides that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains[.]" 5 U.S.C. § 552a(b) (separately setting forth certain exceptions, including

---

³ In the face of Civil Counsel's untailored request for all discovery and lack of legal citation, the government focuses this objection on Rule 6(e) and the privacy concerns of victims because they collectively apply to significant portions of the discovery. However, the government reserves the right to make further objections should Civil Counsel return to the Court with a more specific set of requests.

court order). As described above, none of the victims in this criminal case are plaintiffs in the Civil Case, and it is not clear why disclosing their hospital records and personal identifying information is at all relevant.[4]

Civil Counsel's Request offers no reasoning as to why or to what extent Civil Counsel should be entitled to the specific categories of discovery described above, much less the full array of protected criminal discovery in this case. Civil Counsel's submission also does not explain why many of these materials – at least the pre-existing records – cannot be obtained from other sources.

For these reasons, the government opposes the Request in its present form. However, the government has provided to criminal defense counsel detailed indexes with each of its productions in this case. Although those indexes contain some grand jury material (for example, the names of witnesses who testified before the grand jury), the government can, with the Court's approval, either make those indexes available for Civil Counsel's inspection or provide copies of them to Civil Counsel. With the aid of those indexes, Civil Counsel might then specifically identify what protected material it believes it needs as well as how to address the issues set forth above with respect to that material.

## CONCLUSION

For the reasons stated herein, the government respectfully requests the Court deny Civil Counsel's Request to access Protected Material produced in this case.

DATED:   3/22/24

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney


_____/s/_____
ERIC CHENG
AJAY KRISHNAMURTHY
ALETHEA SARGENT
Assistant United States Attorneys

---

[4] For instance, the indictment alleges that defendant Morteza Amiri assaulted A.A. in July 2019. A.A. is not a plaintiff in the civil suit against Rombough. However, through the Request, Civil Counsel is seeking access to personal identifying information, rap sheets, and medical records related to A.A.