PATRICK R. DELAHUNTY (CA Bar No. 257439)
pdelahunty@delawllp.com
WILLIAM J. EDELMAN (CA Bar No. 285177)
wedelman@delawllp.com
DELAHUNTY & EDELMAN LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel:    (415) 891-6210
Fax:    (415) 891-6256

*Attorneys for Defendant Eric Allen Rombough*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 23-CR-269-JSW-2 |
| Plaintiff, | RESPONSE TO COURT ORDER REGARDING USE OF CRIMINAL DISCOVERY IN CIVIL CASE |
| v. | |
| ERIC ALLEN ROMBOUGH, | |
| Defendant. | |

Defendant Rombough hereby respectfully responds to the Court's Order Requiring Response (ECF No. 82) (the "Order"). The Order required the government and Defendant Rombough to respond to a request filed by civil defense counsel for Defendant Rombough in the case *Allen v. City of Antioch et al.*, Case No. 23-cv-01895-VC, now pending before the Honorable Judge Chhabria, seeking permission to modify the protective order in this case to permit civil defense counsel to access discovery provided in this case for use in preparing for and presenting a defense in the *Allen* case (ECF No. 81). Undersigned counsel for Rombough and attorneys for the government met and conferred regarding this issue by telephone on March 22, 2024, but were unable to reach an agreement.

Undersigned criminal defense counsel for Defendant Rombough maintains that civil defense counsel's request for an order authorizing the sharing and use of the criminal discovery in the *Allen* case should be granted despite the government's objections. The government does not appear to dispute that

the discovery it has produced to criminal defense counsel in this case is relevant to the allegations in the civil *Allen* case. Specifically, the indictment in this case includes a charge of conspiracy to violate civil rights under 18 U.S.C. § 241 (ECF No. 1, Count One). In sum, the government's theory under the conspiracy count is that Rombough – acting as an Antioch police officer at the time of the relevant events between February 2019 and March 2022 -- conspired with other officers to intentionally use excessive force in violation of the Fourth Amendment.

The *Allen* case is a civil complaint by a group of five plaintiffs alleging that, between 2020 and 2022 (i.e., the same time period covered by the indictment in this case), Rombough and other Antioch police officers conspired to use and did use excessive force against the plaintiffs (or the plaintiff's family member). *Allen*, ECF No. 1. In a footnote, the government obliquely notes that "[n]one of the plaintiffs in the Civil Case are victims in this case or any of the related cases" while conceding the more critical point that "some of the plaintiffs were interviewed in connection with the investigation that led to this indictment, and the United States has produced some material related to these individuals." ECF No. 83 at 3 n.2. The government will, of course, later argue in connection with any trial that any and all evidence of excessive force by Rombough during the time period in question is relevant to its conspiracy charge. Thus, the defense of this case overlaps with the defense of the *Allen* case, even if there are specific incidents described in the *Allen* case that the government chose not to charge as individual counts in the indictment in this case.

In sum, the government's objections appear to rest on a general concern that victim information and grand jury information is entitled to rule-based and statutory protection – and it should not be shared without court order protecting it. That is exactly what Rombough seeks here though. Civil defense counsel would still be subject to the protective order and the use of all materials would be limited to the plainly proper purpose of preparing for and use of defense in the overlapping civil defense proceeding (which, notably, would also assist Rombough in defense of this criminal proceeding). Rombough is not seeking to have the materials released to the public or subject to any potentially improper use. Any suggestion that the materials produced by the government are somehow not relevant to allegations Rombough used excessive force raise the question of why the government produced such materials at all given the nature of the charges against him.

RESPONSE RE DISCOVERY IN CIVIL CASE
Case No. 23-cr-269 JSW

| | |
|---|---|
| | Respectfully submitted, |
| DATED: March 23, 2024 |    */s/ William J. Edelman*<br>WILLIAM J. EDELMAN |
| | *Counsel for Defendant ERIC ALLEN ROMBOUGH* |