UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ERIC ALLEN ROMBOUGH,

Defendant.

Case No.  23-cr-00269-JSW-2

**ORDER DENYING REQUEST TO JOIN MOTION TO SUPPRESS**

Re: Dkt. No. 139

Now before the Court is Defendant Eric Rombough's request to join Defendant Morteza Amiri's motion to suppress evidence, (Dkt. No. 113), on the grounds that Rombough is similarly situated to Amiri.  The Court has reviewed the papers, the record in this case, and the applicable law, and finds this matter suitable for decision without oral argument.  For the following reasons, the Court DENIES Rombough's request.

## BACKGROUND

Rombough was indicted on August 16, 2023 along with his Co-Defendants Amiri and Devon Wenger for violation of 18 U.S.C. sections 241 (conspiracy against rights) and 242 (deprivation of rights under color of law).  (Dkt. No. 1, Indictment, at 2.)

Amiri was named in a related case, *United States v. Amiri*, 23-cr-264-JSW-2, for alleged violations of law relating to an alleged conspiracy to fraudulently obtain and benefit from college degrees.  Amiri filed sister motions in the -264 and -269 cases to suppress evidence stemming from three warrants which he claims were defective due to, among other reasons, lack of probable cause and overbreadth.  Given to the earlier trial schedule in the -264 case, Amiri's motions were specially set for hearing on July 8, 2024.

On June 25, 2024—less than two weeks before the hearing on Amiri's motions—

United States District Court
Northern District of California

1   Rombough filed his request to join Amiri's motions.  Rombough contends that the challenged

2   search warrants issued for Amiri's Apple iCloud account and iPhone lacked specificity and

3   probable cause, and that these faulty warrants led to Rombough being unlawfully compelled to

4   turn over the password to his cell phone.  (Dkt. No. 139, Joinder, at 2:23-3:2.)  Rombough does

5   not provide any citations to applicable law or to the record.  Nor does he explain how he was

6   compelled to divulge his cell phone password.

7        The Government opposes.  (Dkt. No. 142, Opposition to Joinder.)  The Government points

8   out that the request is entirely unsupported by legal analysis or argument.  As to the merits, the

9   Government contends: (1) Rombough lacks standing to challenge the iCloud warrants because it

10  did not seek or obtain a warrant to search Rombough's iCloud account; (2) the warrant for

11  Rombough's cell phone was valid and reasonably executed; and (3) Rombough voluntarily

12  provided his cell phone passcode.

13                              **ANALYSIS**

14       As the movant, Rombough bears the burden of establishing that the challenged warrants

15  violated his Fourth Amendment protections against unlawful search and seizure.  *United States v.*

16  *Caymen*, 404 F.3d 1196, 1199 (9th Cir. 2005).  Rombough's cursory motion does not provide any

17  basis for the Court to find that the Government violated his rights.

18       To the extent Rombough imports Amiri's evidence and argument into his request for

19  joinder, Rombough falls short: Amiri challenges the warrants and their execution as to Amiri only.

20  Amiri provides the Court with ample record evidence regarding the nature and circumstances of

21  the challenged searches and seizures as to Amiri, not as to Rombough.  Indeed, Rombough and his

22  accounts are not the subject of any of the search warrants challenged by Amiri.

23       Further, the Court agrees with the Government that Rombough lacks standing to challenge

24  the warrants authorizing searches of Amiri's iCloud account.  Rombough provides the Court no

25  basis to find that Rombough's "own Fourth Amendment rights" were violated by the search of

26  Amiri's account.  *United States v. Ellis*, 270 F. Supp. 3d 1134, 1139 (N.D. Cal. 2017).  Rombough

27  does not argue that he had any expectation of privacy in Amiri's account.  *See Rakas v. Illinois*,

28  439 U.S. 128, 134 (1978) (holding "[a] person who is aggrieved by an illegal search and seizure

                                            2

1   only through the introduction of damaging evidence secured by a search of a third person's

2   premises or property has not had any of his Fourth Amendment rights infringed.")

3          Nor does Rombough provide any basis for the Court to infer a Fourth Amendment

4   violation as to Rombough from the asserted *Miranda* violation regarding Amiri's passcode.  To

5   the extent that Rombough claims his own passcode was unlawfully compelled, Rombough makes

6   no such showing.  The only evidence before the Court regarding Rombough's passcode is a

7   transcript provided by the Government in which Rombough offers his passcode without being

8   asked.  (Opposition to Joinder, Ex. 2, Transcript of Interview, at 4:15-5:10.)  This differs from

9   Amiri's situation, in which the FBI agent asks Amiri if he would provide his pin.  (*See United*

10  *States v. Amiri*, 23-cr-264-JSW-2, Dkt. No. 174-8, Motion to Suppress, Ex. 8, Transcript of

11  Interview, at 4:15-17.)

12         In sum, Rombough has not made a showing that he is similarly situated to Amiri for

13  purposes of joining Amiri's motions to suppress.

14                                   **CONCLUSION**

15         For the foregoing reasons, Rombough's request for joinder is DENIED.

16         **IT IS SO ORDERED.**

17  Dated: July 3, 2024

18

19                                   _____
                                     JEFFREY S. WHITE
20                                   United States District Judge

21

22

23

24

25

26

27

28